Richard J. STECK, Plaintiff,

v.

John D. CONNALLY, Jr., Secretary of the Navy, Defendant.

Civ. A. No. 476–61.

United States District Court
District of Columbia.

Nov. 15, 1961.

Edward L. Merrigan, Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty., and Byron K. Welch, Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for reinstatement by a civil service employee who was dismissed on charges that he had circulated a petition to a member of Congress, among his fellow employees during working hours. The matter is before the Court on cross-motions for summary judgment.

The Civil Service Act, 5 U.S.C.A. § 652, subsection (d), guarantees to all civil service employees individually and collectively, the right to petition Congress, or any member of Congress, or to furnish information to either House of Congress, or to any Committee or member thereof, free from any restriction or interference on the part of their superior officers.

Subsection (c) of the same Section, explicitly provides that the presentation of any grievance or grievances to Congress or any member thereof, shall not constitute or be a cause for reduction in rank or compensation or removal of such person or group of persons from the service. This statute does not contemplate that the head of a Department may censor the contents of the petition or that he may dismiss the employee concerned therein, if he can prove that the statements contained in the petition are untrue.

To be sure an activity of this kind can adversely affect the morale of a Government department. It can be vexatious and annoying at times if the employee acts unreasonably, but the statute contains no limitation. The fact that the petition was circulated during working hours involves minutiae unless it can be shown there was a serious disruption of work and a substantial loss of time.

The Court realizes, of course, the difficulties confronting the Assistant United States Attorney in defending this action. Under the circumstances, the Court has no alternative but to grant the plaintiff's motion for summary judgment and deny the Government's motion.