Civilian pay; dismissal; right to petition — First Amendment; due process of law — Fifth Amendment; exhaustion of administrative remedies. — On November 20, 1974 the court issued the following order:
Before Cowen, Chief Judge, Skelton, Judge and Miller, Judge, Court of Customs and Patent Appeals, sitting by designation pursuant to 28 U.S.C. § 293(a).
“This case comes before the court on plaintiff’s motion, filed March 5, 1974, for summary judgment and on defendant’s cross motion, filed May 6,1974, for summary judgment. The case has been submitted on the briefs and oral argument of counsel. Plaintiff contends that the removal action insti *869 tuted against Mm by the Geological Survey and the proceedings before the Civil Service Commission were defective and denied him not only his rights of procedural due process under the Fifth Amendment but also his right of free speech guaranteed by the First Amendment. As discussed below, we see no merit in plaintiff’s several constitutional claims and also find that his other contentions of procedural defects are not properly before the court. After a thorough study of the record in this case, we also find that the administrative decision against plaintiff was neither arbitrary nor capricious and is supported by substantial evidence.
“Plaintiff’s first constitutional argument is that the termination for alleged misrepresentations of fact found in his letters to various Government officials violates his right to petition the Government as protected by 5 U.S.C. § 7102 and the First Amendment. However, no such absolute privilege exists for plaintiff in this regard; in fact, it has been settled that an employee of the Government enjoys no unlimited privilege to transmit false statements to Government officials. Turner v. Kennedy, 332 F. 2d 304 (D.C. Cir.), cert. denied, 379 U.S. 901 (1964) ; Ruderer v. United States, 188 Ct. Cl. 456, 412 F. 2d 1285 (1969), cert. denied, 398 U.S. 914 (1970). The substantial evidence in tMs case clearly demonstrates that plaintiff’s right to free speech was not violated in this instance. Plaintiff’s second constitutional claim, that he should have been afforded an adversary-type hearing before he was dismissed, is equally without merit. This position was specifically rejected by the Supreme Court in Arnett v. Kennedy, 416 U.S. 134 (1974), which found that post-termination procedures of the Civil Service Commission adequately protect the legal interests of federal employees.
“Plaintiff’s other arguments regarding alleged procedural defects are not properly before the court, since plaintiff clearly failed to exhaust his administrative remedy on these claims. Plaintiff’s appeal to the Commission merely asserted that the agency decision was not supported by the evidence and that the Agency did not consider the evidence and supporting documents in reaching its decision. Plaintiff’s appeal to the Board of Appeals and Review asked bnly that an examination be made of the testimony presented in the case *870 ‘with a view toward restoring Dr. Carstea to duty with retroactive benefits.’ We previously have held that such a broad invitation to review the record does not adequately exhaust the administrative remedy. Grover v. United States, 200 Ct. Cl. 337 (1973). As we stated in Haynes v. United States, 190 Ct. Cl. 9, 13, 418 F. 2d 1380, 1383 (1969) :
To allow a party to withhold an important and perhaps decisive issue from the B.A.B. and later present it in this court for the first time would undermine the authority of the Civil Service Commission and negate the purpose behind the exhaustion of administrative remedies’ doctrine.
Thus, .since plaintiff has failed to exhaust his remedy at the administrative level, he is now precluded from raising these issues before the court.
“it is therefore ordered that plaintiff’s said motion for summary judgment, filed March 5, 1974, be and the same is denied; defendant’s cross motion for summary judgment, filed May 6,1974, be and the same is allowed; and plaintiff’s petition is hereby dismissed.”
Plaintiff’s motion for rehearing was denied January 10, 1975.