Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for loss of salary due to an alleged illegal reduction in grade. He charges that his superior, a Captain J. E. Moore, took away from him many of the duties incident to his position, which was a grade GS-13, and transferred them to another employee, one Ehoads, and then transferred plaintiff to another GS-13 position, and finally had this latter position down-graded to GS-12.
All of this, he alleges, was not done for the good of the service, but as an act of personal favoritism toward the said Ehoads, and, therefore, unlawful, and prejudicial to his rights.
He alleges he prosecuted his claim through the Civil Service Commission, which decided against him.
On oral argument it was suggested that this action of the Civil Service Commission was final unless arbitrary or otherwise unlawful; whereupon, plaintiff asked leave to amend his petition to allege facts to show that the action of the Civil Service Commission was arbitrary. Permission to do so was granted, and plaintiff has filed his amended petition, which defendant has answered. At the same time defendant filed a motion asking that its motion for summary judgment on the original petition be treated as a motion for summary judgment on the amended petition and answer. This has been done.
In his amended petition plaintiff, in support of his allegation that the action of the Civil Service Commission was arbitrary, alleges that his duties were taken away from him and given to Ehoads, and that the action of the Civil Service Commission was arbitrary because not supported by substantial evidence. He incorporates by reference the testimony before the Civil Service Commission.
That testimony shows that a large part of plaintiff’s duties were taken away from him and given to Ehoads, but there is nothing in the testimony to show that this was done, not to improve the efficiency of the service, but out of animosity to plaintiff and out of personal favoritism to Ehoads.
*343 On the contrary, it shows that an honest effort was made to prevent such action from injuring plaintiff. When these duties were taken away from plaintiff, his remaining duties did not rate a GS-13 classification, and for this reason he was given the opportunity of “bumping” another employee having a GS-13 classification but less retention points than plaintiff. Before this was consummated, however, a vacancy occurred in another GS-13 position, and it was suggested to plaintiff that he take this position, rather than “bump” another employee, and plaintiff consented.
Thereafter, a survey of all positions in the branch or division headed by Captain Moore was made and several jobs reclassified. Among these was the position held by plaintiff’s superior, which was a GS-14 position. It was reclassified as a GS-13. At the same time plaintiff’s GS-13 position was reclassified as a GS-12. Other reclassifications were also made.
There was nothing in the testimony to show that the survey and reclassifications were aimed at plaintiff or were done for any reason other than to promote the efficiency of the service. The evidence did not support plaintiff’s allegation before the Civil Service Commission, and reiterated here, that the action was motivated by personal favoritism for Rhoads, and by animosity toward him, and not for the good of the service. On the basis of this testimony we hardly see how the Civil Service Commission could have arrived at any conclusion other than the one at which it did arrive.
It follows that plaintiff has not alleged facts to make out a prima facie case of arbitrary action on the part of the Civil Service Commission. Unless arbitrary, its decision is final.
Defendant’s motion for summary judgment must be sustained, and plaintiff’s petition as amended must be dismissed.
It is so ordered.
Laramore, Judge; MaddeN, Judge; Littleton, Judge; and Jones, Chief Judge, concur.