Per Curiam :
Plaintiff seeks recovery of back pay on the ground that her separation from Government service was procedurally defective and that the actions of the administrators were arbitrary, capricious, and “imputed bad faith.”
The pleadings and exhibits on file disclose the following:
Plaintiff was employed by the Public Health Service in Washington, D.C., as a stenographic clerk on January 2, 1957. The appointment was subject to a one year’s probationary period. The plaintiff was found to be physically qualified on a contingent basis.
On March 1, 1957, plaintiff was given a health examination to determine fitness for duty. Thereafter she was given several appointments with the Public Health psychiatrist, which she failed to keep. She was offered supportive therapy, which she declined. The medical director of the United States Public Health Service clinic advised that it was his impression that plaintiff was emotionally disturbed to the degree that she would not be able to continue in her then assignment.
The Division of Personnel advised her that “You have not qualified in the medical examination given you in connection with your appointment to the Public Health Service. It is required that you be separated during the probationary period for this reason.” Plaintiff was accordingly separated effective at the close of business August 30, 1957, the assigned reason being, “Failure to qualify in. medical examination * * * during probationary period.”
In three different letters, October 25, 1957, November 20, 1957, and January 29, 1958, the executive assistant to the *503 Civil Service Commission advised plaintiff that before sbe could be considered for further Federal employment it would be necessary for her to undergo a thorough examination by a neuropsychiatric specialist and a report of such examination made a part of the record in her case. This was not done.
Plaintiff, in April 1958, applied for a position as stenographic clerk at Tinker Air Force Base, Oklahoma. She did not disclose the reason for her previous separation, nor the conditional bar from Federal service, although specifically asked such information in questions 31 and 32 (Def. Ex. 7).
At the Air Force base plaintiff was given an appointment or reinstatement subject to a one-year probationary period and subject to investigation and approval of the Civil Service Commission.
On June 30, 1958, plaintiff was given official notice of proposed separation on three listed grounds. These included her failure to furnish the medical report requested by the Civil Service Commission and her failure to disclose the reasons for her previous separation. In the notice plaintiff was informed of her right to reply to the notice personally and in writing. She failed to reply.
Plaintiff was given notice of separation effective July 18, 1958. She was also informed of her right to appeal to the Civil Service Commission.
Plaintiff appealed to the Eegional Civil Service office at Dallas, Tex. She failed to furnish information to support the appeal, although it was specifically suggested by the Eegional Director that she do so. Not having received any information within the time specified, the appeal was denied. Plaintiff was given notice of her right to appeal to the Board of Eeview, Civil Service Commission, Washington, D.C., but failed to do so.
All the above facts are set out in detail in defendant’s exhibits 1 through 15, as set out in the record, or otherwise disclosed in the record.
According to plaintiff’s petition, she has filed a suit in the United States District Court for the Western District of Oklahoma in which she asks for reinstatement as of August *504 30,1957, with retroactive salary to that date. So far as the record discloses that suit is still pending.
It is wholly outside our province and would be completely out of place for us to undertake to substitute our judgment for that of the authorized agency in the absence of arbitrary or capricious action on the part of such department or agency official. It is only when there is an abuse of discretion evidenced by arbitrary or capricious action that we are authorized to take corrective action.
The plaintiff failed to furnish the report of designated medical authorities as requested by the Commission, although afforded numerous opportunities to do so. The numerous exhibits in the record indicate full consideration on the part of officials in connection with plaintiff’s case, and they do not evidence any arbitrary action, certainly not to a sufficient degree to justify further action on the part of this court. Neither the allegations nor the exhibits are sufficient to give the court jurisdiction to take action in the circumstances. Roy v. United States, 144 C. Cls. 188; Eclov v. United States, 137 C. Cls. 341.
The plaintiff’s motion is overruled, the defendant’s motion is sustained and the petition is dismissed.
It is so ordered.