CITY OF DETROIT *v.* BURKE RENTAL SERVICE, INC.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—APPEAL TO CIRCUIT COURT.
   Court of Appeals will not consider question on appeal which was not raised in circuit court's review of judgment entered in common pleas court.

2. SAME—SAVING QUESTIONS FOR REVIEW—MOTION TO DISMISS.
   Court of Appeals will not determine if common pleas court improperly denied defendants' motion to dismiss at close of plaintiff's proofs wherein question was not raised in appeal to circuit court prior to review by Court of Appeals.

3. SAME—REMARKS OF TRIAL JUDGE—PREJUDICE.
   Remark of trial judge that "accidents do not happen without an explanation" *held*, not sufficient to convince Court of Appeals that prejudice was present in entire trial when remark was made by trial judge at conclusion of trial and at the same time as announcing decision.

4. SAME—NONJURY CASE—FINDINGS OF FACT—CREDIBILITY OF TESTIMONY—CLEAR PREPONDERANCE OF EVIDENCE.
   Trial judge, in nonjury case, may give such weight to the testimony as in his opinion it is entitled to, and his findings will not be disturbed unless the evidence clearly preponderates in the opposite direction.

5. STREET RAILROADS—DESTRUCTION OF WIRES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Trial court's finding that driver of defendants' truck was negligent in driving a truck loaded with a towered pavement crusher under plaintiff's street railway's wires so as to cause damage thereto and that plaintiff was not guilty of contributory negligence by permitting wires to sag too low, *held*, amply supported by the record.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 547.
[3] 4 Am Jur 2d, Appeal and Error §§ 539, 540.
[4, 5] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*

Appeal from Wayne; Moynihan, Jr. (Joseph A.),
J. Submitted Division 1 February 9, 1966, at
Detroit. (Docket No. 723.) Decided May 24, 1966.

Declaration, in Common Pleas Court for the city
of Detroit, by the City of Detroit, a municipal cor-
poration, against Burke Rental Service, Inc., a Mich-
igan corporation, and Earl Browning for damages
to an electric pole and wires allegedly torn down
by a truck owned by defendant Burke Rental Service
and driven by defendant Browning. Judgment for
plaintiff. Defendants appealed to Wayne circuit
court. Affirmed. Defendants appeal. Affirmed.

*Robert Reese,* Corporation Counsel, *Harold Hood,*
Assistant Corporation Counsel, and *Michael F.
Peters,* Legal Division, Department of Street Rail-·
ways, for plaintiff.

*Robert B. Tatham,* for defendants.

FITZGERALD, J. We are met here with the case
of appellants who, due to the particular time
sequence involved, have brought two appeals as a
matter of right from a judgment rendered in the
common pleas court for the city of Detroit. Suffice
it to say that by this time the record is well-thumbed,·
and that the instant matter before us has received
abundant judicial scrutiny.

A brief statement of the facts and of the sequence
of the appeals is in order.

The plaintiff city of Detroit brought an action in
trespass for damages to wires and poles which were
used for furnishing electric power to DSR trolley
coaches. The pertinent facts are that on August 29,
1960, Earl Browning, one of the defendants herein,

was operating a truck owned by defendant, Burke
Rental Service, Inc., in a westerly direction on
Schoolcraft near Littlefield, in the city of Detroit.
The truck was carrying as its load a hydraulic ham-
mer used for crushing pavements.

As the defendant's truck and pavement crusher
passed under the trolley wires in question, the wires
were ripped down and a stationary lighting pole
owned by plaintiff's public lighting commission was
also pulled down and damaged.

In a suit in common pleas court, plaintiff con-
tended that defendant Browning negligently drove
the truck under the wires, causing the damage to
the wires and to the lighting pole.   Defendants de-
nied liability, asserting as an affirmative defense that
the plaintiff was contributorily negligent in that it
maintained and allowed the wires to hang above
the street at a height dangerous to passing vehicles.

At the close of the plaintiff's proofs, defendants
made a motion to dismiss on the ground that plain-
tiff had not made out a prima facie case.   This was
denied by the trial court and defendants proceeded
to the introduction of their testimony.

After hearing defendants' proofs and arguments
by both counsel, the trial judge found as a matter
of fact that the truck and pavement crusher "tore
the wires down."   The court found further that,
based on the proofs and using the theory urged by
the defendants, the wires would have had to sag
more than four feet (more than one-fourth of their
total distance from the ground as originally installed
and subsequently maintained) in order to cause the
damage in question.   He concluded by holding that
the defendants had failed to prove by a preponder-
ance of the evidence that plaintiff was contribu-
torily negligent.   Judgment entered for plaintiff in
the amount of $855.94 for the damages to the wires
and the pole.

An appeal from this judgment under claim of appeal was brought in the circuit court for the county of Wayne. The appeal resulted in an affirmation of the judgment of the common pleas court.

In the meantime, the Court of Appeals had come into existence, offering claim of appeal from final judgments or orders of circuit court. Defendant utilized this opportunity and on April 9, 1965, brought this appeal from the circuit court's affirmance of the common pleas court judgment.

Due to the particular time sequence involved, this court finds itself reviewing the appellate judgment of a circuit court. Since this is the review of an appellate decision, issues not raised in the initial appeal cannot be considered here. To hold otherwise would put this Court in the position of reviewing the decision rendered by the circuit court on appeal using different criteria from those on which that decision rests. In short, it is not permissible under these circumstances to raise issues for the first time.

This concept assumes importance in light of defendants' contention here that the trial court erred in basing its decision on evidence introduced after plaintiff had rested and defendants had moved to dismiss. Defendants' brief states that, "On review by the circuit court, defendants were entitled to a review of their motion to dismiss as of the time it appears in the record," followed by the somewhat cryptic statement, "This the circuit court, in affirming the trial court's judgment, failed to do."

Whatever the defendants may have been "entitled to," the simple matter is that the propriety of the denial of the motion to dismiss was neither raised nor alluded to on appeal to circuit court, nor in a motion for rehearing there. While this Court has, since its inception, striven toward the greatest

liberality which justice to all parties will permit, such a policy is not without boundaries. In this instance we must conclude that the issue of the propriety of the denial of the motion to dismiss by the court of common pleas is not properly before this Court because it was not raised in the previous appeal to the circuit court.

Defendants raise the further question of whether there was evidence from which the trial court could infer negligence on the part of defendants, fastening largely upon this statement, which concluded the trial of the matter, "I will conclude from this testimony that the machine was being transported with the tower in a position somewhere which was up and this from the evidence you both have handed me. Accidents do not happen without an explanation, gentlemen." Defendants then make much of the observation by the trial court that, "Accidents do not happen without an explanation," stating that the court jumps to the conclusion that someone must be liable because an accident happened.

This Court, in its brief existence, has had reason to consider, on at least two occasions, remarks by the trial court taken out of context. *People* v. *Martin* (1965), 1 Mich App 265 (remark prior to sentencing); *In re Arnson Estate* (1966), 2 Mich App 478 (remark made in opinion). More specifically, a jury instruction involving the term, "mere fact that an accident has happened" was considered and held not prejudicial in *King* v. *Daly* (1965), 2 Mich App 120.

And so it must be here. A remark such as that before us, made following the conclusion of proof and in almost the same breath as the announcement of the decision of the case, is not sufficient to convince this Court that the entire trial is shot through with prejudice or error.

After an exhaustive review of the record, we conclude in concert with the circuit court before us that:

"The trial judge made a finding of fact that the truck with its load (the pavement crusher) tore down the wires and made a further finding of fact, based upon the testimony, that, in order to support defendants' claim of contributory negligence on the part of plaintiff, he would have to have made a finding that the wires had sagged over four feet in order to have caused the damage to plaintiff's property.

"The judge inferred, and properly so from the testimony, that the defendants had failed to prove by a preponderance of the evidence their contention that the plaintiff was contributorily negligent.

"This court is of the opinion that the judgment verdict of the trial judge should be affirmed. It is clear from a reading of the testimony that the driver of defendant's vehicle observed the overhead trolley wires and, if they were in the position contended for by defendants, he had the duty to avoid the 'sagging wires'—and his failure so to do would constitute negligence on his part.

"It would seem from a review of the testimony before the trial judge that, viewing the testimony in the light most favorable to the plaintiff, the court was correct in finding that the plaintiff made out a prima facie case of negligence and, further, that the defendants failed to support their burden of proof as to the alleged contributory negligence of the plaintiff.

"As has already been observed, the trial judge was sitting as a finder of the facts and this court finds no reason to quarrel with the finding of facts and conclusions of law made by the trial judge."

It is well settled that a trial judge in a nonjury case may give such weight to the testimony as in his opinion it is entitled to, and his findings will

not be disturbed unless the evidence clearly preponderates in the opposite direction. *Shaw* v. *Weigartz* (1965), 1 Mich App 271.

The decision of the circuit court, which affirmed the judgment of the common pleas court, is amply supported by the record and is affirmed. Costs to appellee.

J. H. GILLIS, P. J., and WATTS, J., concurred.