James E. **HAYNES**

v.

The **UNITED STATES.**

No. 103-68.

United States Court of Claims.
Dec. 12, 1969.

William B. Barton, Washington, D. C., attorney of record, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

COLLINS, Judge.

This case comes before this court on plaintiff's motion and defendant's cross-motion for summary judgment. The main issues to be decided are whether any of plaintiff's procedural rights were substantially violated at the administrative level and whether the action of the Civil Service Commission in upholding plaintiff's reduction-in-grade was arbitrary, capricious, or not supported by substantial evidence.

Plaintiff was employed as an industrial engineer at the U. S. Naval Propellant Plant, Indian Head, Maryland. On March 24, 1964, he was assigned to a new project dealing with Data Processing Re-

ports. On August 17, 1964, a letter of charges was filed against plaintiff by which it was proposed to remove him. The charges in the letter were directed mainly at plaintiff's alleged inefficiency in handling the new Data Processing project. Earlier that year (on January 31st, April 30th, and July 31st), plaintiff had received three separate 90-day warning letters of unsatisfactory performance, denying him within-grade increases. These letters were attached to and made a part of the August 17th letter of charges. The three main charges specified in the notice of proposed removal were: (1) failure by plaintiff to prepare clear and accurate procedures and documentation to support his work; (2) failure to provide certain specific data requested by the supervisor on each of the reports; and (3) failure to meet the deadlines for completion of various phases of the project.

Plaintiff requested and received a hearing which was held before a Grievance Advisory Committee at the Naval Propellant Plant in Indian Head, Maryland, on October 6, 1964. On November 10, 1964, the Committee found that plaintiff had not met deadlines; had failed to provide clear, concise backup information; had not acceded to the requests of his supervisor regarding format, documentation, and procedures; and had not prepared satisfactory reports. However, the Committee also felt that the unavailability of information and the difficulty in securing necessary data contributed in part to plaintiff's inefficiency. Consequently, it was recommended that plaintiff receive a reduction-in-grade from GS–12 to GS–11, rather than a dismissal.

Plaintiff received a letter dated November 24, 1964, confirming the action of the Grievance Advisory Committee and making the demotion effective as of December 6, 1964. Acting through the American Federation of Government Employees, plaintiff appealed the decision of the Grievance Advisory Committee to the Philadelphia Regional Office of the Civil Service Commission. A hearing

was held on February 8, 1965, and on March 11, 1965, the Regional Office concluded that the action of the Advisory Committee in calling for a reduction-in-grade should be sustained. Plaintiff then appealed to the Board of Appeals and Review (B.A.R.) of the Civil Service Commission, and on September 23, 1965, the decision of the Regional Office was upheld. Plaintiff's request (on February 24, 1967) to the Civil Service Commissioners that the case be reopened and reconsidered was denied on June 30, 1967. On March 28, 1968, plaintiff filed his petition in this court, seeking to overturn the action of the B.A.R. in upholding the administrative decision.

## I.

 In his petition and motion for summary judgment, plaintiff alleges that the persons reviewing his case at the administrative level violated a number of procedural regulations, thus denying him the right to a hearing free from procedural error. However, since plaintiff failed to raise the majority of these issues on appeal to the B.A.R., it will not be necessary for this court to consider the substance of these particular allegations. It is a general rule of law that failure to preserve an error, either at the trial level or before an appellate court, will cause that point to be lost for any subsequent appeal. Chicago & E. Ill. R. R. v. Southern Ry., 261 F.2d 394, 402 (7th Cir. 1958); Hutchinson v. Fidelity Inv. Ass'n, 106 F.2d 431, 436, 133 A.L.R. 1061 (4th Cir. 1939); State ex rel. Royal v. City of Columbus, 3 Ohio St.2d 154, 209 N.E.2d 405, 407 (1965); City of Detroit v. Burke Rental Serv., Inc., 3 Mich.App. 353, 142 N.W.2d 473, 475 (1966). Accordingly, this court has established a general rule that failure to present an issue before the B.A.R. amounts to a failure by the plaintiff to exhaust his administrative remedy on that question, thus precluding him from seeking relief in this court on that specific ground. Pine v. United States, 371 F.2d 466, 467–468, 178 Ct.Cl. 146, 148 (1967); Alpert v. United States, 161 Ct.Cl. 810,

816 (1963); Indiviglio v. United States, 299 F.2d 266, 267, 156 Ct.Cl. 241, 242 cert. denied, 371 U.S. 913, 83 S.Ct. 260, 9 L.Ed.2d 173 (1962); Long v. United States, 148 Ct.Cl. 4, 9 (1960); Adler v. United States, 146 F.Supp. 956, 958, 134 Ct.Cl. 200, 203, cert. denied, Baker v. United States, 352 U.S. 894, 77 S.Ct. 131, 1 L.Ed.2d 87 (1956). To allow a party to withhold an important and perhaps decisive issue from the B.A.R. and later present it in this court for the first time would undermine the authority of the Civil Service Commission and negate the purpose behind the exhaustion of administrative remedies' doctrine. *See* Long v. United States, *supra.*

 Plaintiff referred to a group of cases such as Ward v. Anderson, 93 U.S. App.D.C. 156, 208 F.2d 48 (1953), which seemed to imply that it was not always necessary for the plaintiff to first present his issues at the administrative level. However, we hold that *Ward* and the other cases cited by plaintiff are not applicable to the present situation since they deal mainly with "exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below." Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941). It is not felt that the instant case is one involving such "exceptional or particular circumstances" that it should be allowed to come under an exception to the general rule of this court. In addition, the cases cited by plaintiff should be further distinguished by pointing out that only one of them (Ward v. Anderson, *supra*) deals with a case which was appealed from a ruling of the Civil Service Commission.

Those allegations of procedural error advanced by plaintiff for the first time before this court are: (1) that the charges lacked specificity; (2) that the 90-day warning notices were improperly incorporated and alluded to in the charges to the detriment and prejudice of plaintiff; (3) that there was no informal discussion between line official and employee; (4) that plaintiff did not receive written notice of his demotion at least 30 calendar days in advance; (5) that a finding against plaintiff's attitude was improperly included in the demotion letter of November 24, 1964; and (6) that the decisions against plaintiff on November 10, 1964, and March 11, 1965, were improperly written and did not make specific reference to charges, findings, evidence, and conclusions. Since plaintiff failed to raise these points before the B.A.R., each of them is dismissed under the exhaustion of administrative remedies' doctrine, as discussed above.

## II.

Plaintiff's only remaining allegation of *procedural error* relates to the filing of certain documents by defendant with the Appeals Examiner of the Philadelphia Regional Office. During the hearing of February 8, 1965, before the Appeals Examiner, it was agreed between the parties that three flow diagrams and two charts previously prepared by plaintiff would be submitted to the Examiner following the hearing. On February 12, 1965, the three flow diagrams and two charts were filed with the Examiner along with a letter from L. H. Worthman evaluating the performance of plaintiff's work. Plaintiff contends, first of all, that it was error for the "Worthman" letter to be filed with the Examiner because it contained certain prejudicial statements and because he had not agreed earlier to the submission of this letter. Plaintiff further contends that the flow diagrams and charts which were submitted were improperly tendered since they were not the ones previously agreed to by the parties.

 There is no doubt but that it was improper for the defendant to submit the "Worthman" letter to the Examiner since it was not one of the documents agreed upon by both parties. However,

it remains for plaintiff to show the actual harm or prejudice which he has suffered as a result of the submission of this letter. He must show that this piece of evidence was relied upon to his detriment. Plaintiff alleges that the letter is highly critical of his work, especially the sentence which states: "Because of his ignorance of basic I. E. techniques it was necessary for me to refer him to the I. E. Handbook (8–102) and try to teach him to prepare a Paper Flow Chart." Since he did not have a chance to answer the statements made in the letter and since the admission of the letter violated 5 C.F.R. § 772.304(c) (1964),[1] plaintiff claims that he was highly prejudiced and damaged by the admission of the letter. However, the fact remains that there is nothing to indicate either in the report of the Appeals Examiner on March 11, 1965, or otherwise, that this letter was relied upon by the Examiner in helping him reach his decision. In fact the Appeals Examiner in his report referred to the specific enclosures which sustained his findings, and these enclosures did not include the "Worthman" letter. Consequently, even though there was error in the submission of this letter, it must be regarded as harmless error since there is no indication whatsoever that the letter was relied upon. Cohen v. United States, 369 F.2d 976, 988, 177 Ct.Cl. 599, 618 (1966), cert. denied, 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967); see Putschoegl v. United States, 165 Ct.Cl. 65, 77 (1964).

■ The same conclusion can be reached in regard to the issue involving the submission of the diagrams and charts which were not agreed to by plaintiff. Plaintiff has failed to show how the documents which were submitted would be any more prejudicial than any other charts or diagrams which he might have selected. In fact it was stated in the February 12th letter accompanying the documents that the charts which were chosen by defendant were the most complete of those prepared by plaintiff. Thus, it is hard to imagine how these particular documents could have been harmful to plaintiff's case.

However, even if plaintiff could show that the charts were prejudicial, he would still have the burden of showing that they were relied upon by the Appeals Examiner in reaching his decision. Again, as in the case of the "Worthman" letter, plaintiff was unable to do so. The Examiner specifically mentioned Enclosures 4–14 in support of his findings, but he made no mention of the enclosures containing the charts or the flow diagrams. Thus, this part of plaintiff's claim must also fail because the error, if there was one, was harmless and had no effect on the ultimate decision. Cohen v. United States, *supra*.

### III.

■ Plaintiff's final contention is that the decision of the Civil Service Commission was arbitrary, capricious, and not supported by substantial evidence. This allegation immediately raises the question of just how far this court should go in reviewing administrative decisions. The language of this court in the recent case of Holman v. United States, 383 F.2d 411, 181 Ct.Cl. 1 (1967), is directly on point in answering this question:

> [B]ut "[i]t is not our function to substitute our judgment for that of the employing agency or the Civil Service Commission. Our review is limited to the sole question of whether their action was reasonable in the light of all the evidence." Guiness v. United States, 149 Ct.Cl. 1, 6, cert. denied 363 U.S. 819, 80 S.Ct. 1257, 4 L.Ed.2d 1517 (1960). The question is: does the record contain substantial evidence to support the administrative decision? Moon v. Celebrezze, 340 F.2d 926, 930 (7th Cir. 1965). If it

---

1. This regulation reads in relevant part as follows: "A representative of the Commission shall discuss all relevant representations and evidence with both parties and make the representations and evidence available to them for review. * * *"

does the petition must be dismissed. "If we were to [make a redetermination of the merits upon a record which supports the administrative decision], we would be assuming the role of a superagency rather than providing a check against unreasonable and arbitrary results." *Id.* That role we do not intend to assume. * * *

*Id.* 383 F.2d at 415, 181 Ct.Cl. at 8; *see, e. g.,* Menick v. United States, 184 Ct.Cl. 756 (1968); Liotta v. United States, 174 Ct.Cl. 91 (1966); Camero v. United States, 345 F.2d 798, 170 Ct.Cl. 490 (1965).

 In regard to the first charge levied against plaintiff on August 17, 1964, that he failed to prepare clear and accurate procedures and documentation to support his work, plaintiff contends that the three examples[2] cited by defendant only represent trivial or minor infractions when considered in light of the whole project. At first glance, it might appear that the examples cited by defendant do amount only to minor errors, but it is obvious that the effect of these mistakes upon the entire June 12th report must be considered. Since plaintiff has not afforded this court any evidence to show that the infractions in question had little or no effect on the quality of the overall report, we must accept the finding of the Grievance Advisory Committee "that the report as submitted by the appellant was unsatisfactory as to format, quality and content." It would be inappropriate for this court to substitute its judgment for that of the admin-

istrative tribunals in the absence of clear and substantial evidence that this finding was arbitrary, capricious, or unreasonable. Since such evidence has not been presented by plaintiff, we conclude that the administrative decision in regard to the first charge was proper and adequately supported. *See* Powers v. United States, 169 Ct.Cl. 626, 631 (1965); Lawyer v. United States, 147 Ct.Cl. 501, 504 (1959), cert. denied 362 U.S. 977, 80 S.Ct. 1065, 4 L.Ed.2d 1014 (1960).

Plaintiff cited the case of Clark v. United States, 162 Ct.Cl. 477 (1963), as support for his argument that mere minor infractions do not form an adequate basis for an adverse action. However, it is important to note in that case that the court seemed to be weighing the gravity of the plaintiff's errors against the severity of the penalty. Since the penalty in that case was discharge, the court ruled that there had been an abuse of discretion. However, in the instant case, the penalty of a reduction-in-grade is not so severe, and thus it is doubtful whether the *Clark* decision would require a finding for the plaintiff. In any event, we do not feel that the action taken at the administrative level amounted to an abuse of discretion.

 The second charge against plaintiff was that he had failed to provide certain specific data requested by his supervisor in his reports. Plaintiff's argument, first of all, is that only four such incomplete forms were introduced into evidence out of a total of 174 forms which he had prepared, and, secondly,

2. The three examples cited by plaintiff's commanding officer in the August 17th letter are: (1) The Navexos 3050 form in the June 12, 1964, report indicated under the heading "Remarks and Analyst's Notes" to "See IR 12, 13." When plaintiff was asked to submit IR 12, 13, he couldn't locate these reports in his backup documentation. (2) Plaintiff, in recommending discontinuance of report A–1325 in the June 12th report, indicated "Joe Browning wants." However, when questioned about this note, plaintiff ad-

mitted that he had not checked with Mr. Browning and so really wasn't sure what he wanted. (3) Also in the June 12th report, plaintiff recommended discontinuance of the reports A–1422 and A–1422–S, but he failed to indicate in the Navexos 3050 forms who was to receive the report. Instead, he inserted a question mark in the space under "Offices or Activities Which Receive the Report." Plaintiff never gave a satisfactory explanation about this entry.

that many of the blanks in the forms were the result of the unavailability of the necessary information. The fact that there was difficulty in obtaining certain information was admitted by the Grievance Advisory Committee and taken into consideration by them in reaching their decision. We do not feel that their action in this respect was arbitrary or capricious—especially in light of the fact that plaintiff was supplied with a large amount of information at the outset of the project and later received other pertinent information as the project progressed.[3] Thus, there is enough evidence to indicate that plaintiff's own inefficiency and not just a lack of information was responsible for his failure to provide the necessary data in his reports. Furthermore, the record clearly shows that plaintiff, in direct opposition to his instructions, failed to include flow diagrams and copies of directives with his reports. There is little reason to accept plaintiff's explanation that he felt that submitting flow diagrams in tabular form was in accord with the language of the Industrial Engineering Handbook when his instructions clearly stated that each report was to include a flow diagram.[4] Therefore, regardless of the fact that only four incomplete forms were introduced into evidence, we find that there is nothing to show that the decision at the administrative level to uphold the second charge was arbitrary, capricious, or not supported by substantial evidence.

 In regard to the third charge that plaintiff failed to meet deadlines, it is admitted by plaintiff that he was late in turning in his reports. Plaintiff does

contend, however, that the schedule of deadlines as set up by his supervisor was unfair and unreasonable—especially since the deadlines were set up by a man who was not an industrial engineer and had no idea as to how long it would take to complete the project. It is interesting to note, however, that the time schedule set up by the supervisor was based on plaintiff's own estimate of how long it would take to complete the job. Based strictly on the arguments presented by plaintiff, this court cannot say that the schedule was unreasonable or that plaintiff was not inexcusably tardy. Instead we find that there was substantial evidence to show that plaintiff was late in submitting his reports, and that it was not arbitrary or capricious for the B.A. R. to uphold this third charge.

### IV.

We, therefore, conclude that plaintiff has been unable to present any facts or circumstances which would indicate that the Civil Service Commission acted arbitrarily, capriciously, or in bad faith. Nor has he been able to point out how any of the Board findings are not supported by substantial evidence. In addition, we conclude that plaintiff's arguments relating to procedural error must fail either because of the harmless error rule or because of plaintiff's failure to properly exhaust his administrative remedies.

We, therefore, deny plaintiff's motion for summary judgment and grant defendant's cross-motion for summary judgment. Plaintiff's petition is dismissed, and the decision of the B.A.R. upheld.[5]

---

3. See Enclosures 9–13 of the notice of proposed removal.

4. See Enclosure 9 of the notice of proposed removal.

5. Since we have found for the defendant on the above-stated grounds, it is unnecessary to consider defendant's argument that plaintiff's claim should be barred under the doctrine of laches.