On October 30, 1975 the court issued the following order:
Before Nichols, Judge, Presiding, Dureee, Senior Judge, and Kashiwa, Judge.
“This civilian pay case arises out of plaintiff’s separation from Federal service by a reduction-in-force order. Plaintiff, a preference eligible veteran, was employed as a civilian Research Physical Scientist (GS-1301.1.1-13-7) at the Night Vision Laboratory, an element of the United States Army Electronics Command, located at Fort Belvoir, Virginia. Plaintiff was notified by letter in April 1972 of the abolishment of his position pursuant to a reduction-in-force (EIF). In lieu of separation, plaintiff was offered the position of Physical Science Technician (GS-1311-12) at his then existing salary with two years’ salary retention. Plaintiff originally accepted the offered position, but on reconsideration, *1049 declined the offered position, and accepted separation by RIF. Plaintiff was duly separated by RIF on July 31,1972.
“Plaintiff appealed bis separation to tbe Civil Service Commission’s Appeals Examining Office. Tbat office, after personal appearance by plaintiff, sustained plaintiff’s RIF separation. On timely appeal to the Civil Service Commission’s Board of Appeals and Review (BAR), that Board affirmed plaintiff’s RIF separation.
“Plaintiff thereupon filed suit in this court seeking a declaratory judgment, injunctive relief, reinstatement, back pay, attorneys’ fees and costs. The case comes before the court on defendant’s motion for summary judgment, and plaintiff’s cross-motion for summary judgment. Upon consideration of the parties’ briefs submitted with their respective motions, supporting documents and after oral argument by counsel, the court finds:
“(1) The Civil Service Commission correctly concluded in a detailed, thorough and supported decision that plaintiff’s separation wajs accomplished through a valid RIF procedure in accord with all applicable personnel regulations and violated none of plaintiff’s separation rights.
“Contrary to plaintiff’s contention, for which he provides no authority, RIF separations are not adverse actions reviewable under the standards of 5 U.S.C. § 7512(a). Wilmot v. United States, 205 Ct. Cl. 666 (1974).
“The Civil Service Commission’s detailed review of the highly technical specialties of the employees at the Army’s Night Vision Laboratory, which plaintiff fails to attack, and counsel’s admission as to the uniqueness of plaintiff’s position as a laser crystal grower, more than adequately refutes plaintiff’s contention that his RIF separation was predicated on an improperly constructed retention register.
“ (2) In addition to seeking relief which is ¡not within our jurisdiction in this case, i.e., reinstatement, injunctive relief, attorneys’ fees and costs, plaintiff throughout the argument has not addressed himself to the basic question involved in this appeal: whether the decision of the Civil Service Commission’s Board of Appeals and Review is arbitrary, capricious, or unsupported by substantial evidence, without specific identification of error in the BAR’s decision, the court *1050 is unable to conclude that the same was arbitrary, capricious or unsupported by substantial evidence.
“(3) Plaintiff failed to argue before the Civil Service Commission’s Board of Appeals and Review that his function was transferred pursuant to 5 U.S.C. § 3503(a), and that his RIF separation was in violation of Fort Belvoir Regulation No. 690-38. Plaintiff is now precluded from presenting this issue on appeal. Haynes v. United States, 190 Ct. Cl. 9, 418 F.2d 1380 (1969). In any event, we find no merit in these arguments.
“(4) In its decision, the Civil Service Commission’s Board of Appeals and Review made extensive analysis and findings as to most of plaintiff’s contentions which are not arbitrary, capricious, and which are supported by substantial evidence.
“it is therefore ordered that defendant’s motion for summary judgment be granted, plaintiff’s cross-motion for summary judgment be denied, and plaintiff’s petition dismissed.”