This civilian pay case is before the court on cross-motions for summary judgment. Plaintiff, Mrs. Madeleine Sumpter, who had been employed at the U.S. Marine Base at Twenty-Nine Palms, California, first as a GS-7 Library Technician and then (when the position was reclassified) as a GS-9 Librarian, was separated for cause due to inefficient job performance. Plaintiff appealed to the Civil Service Board of Appeals and Review (BAR) which found the separation action to be warranted. Plaintiff now challenges the BAR determination and seeks reinstatement and back pay, alleging basically that her termination had been the result of bias and a concerted effort on the part of her co-workers and supervisors to "cause it to appear that plaintiff was not performing her duties satisfactorily.” Defendant urges that the BAR determination must be upheld since it was supported by substantial evidence and was neither arbitrary nor capricious. We *726 agree with defendant and thus allow the separation action to stand.
It is not disputed that plaintiff was responsible for managing the Base library during her tenure (April 1, 1969 until May 26, 1972), nor is it disputed that on three occasions, March 15 and 16, 1971; August 26, 1971; and February 7, 1972, the Base library was inspected by the Navy Regional Librarian. In each instance, the inspection report was critical of Mrs. Sumpter’s performance, and for reasons that were essentially the same each time (failure properly to shelve, catalog, weed and survey current volumes, neglect in unpacking and processing newly arrived books, poor day-to-day operations, poor utilization of space, and other defects). Finally, after the third unsatisfactory inspection report, the Base Commander proceeded with the separation action.
At this stage of the proceedings, the question presented is whether the BAR determination (that plaintiff was properly separated) is supported by "substantial evidence to support the administrative decision.” Haynes v. United States, 190 Ct.Cl. 9, 16, 418 F.2d 1380, 1384-85 (1969). There clearly is ample evidence in this instance.
The basis of plaintiffs removal is that she was unable properly to manage the Base library and was unable to improve when given the opportunity. The three inspection reports more than adequately document the facts upon which the decision to remove was predicated. So did the Base Commander’s notice of proposed removal which incorporated the last inspection report. Against this solid and substantial record evidence, and viewing the administrative record as a whole, we simply cannot say that the BAR decision was in any way arbitrary or capricious or that it was unsupported by substantial evidence.
Plaintiffs petition, briefs, and other papers before the court contain a welter of allegations ranging from complaints over the allocation of funding vis-a-vis the Base library and the Base golf course, complaints concerning the persons of "below average intelligence” with whom plaintiff was forced to work, to complaints over duplications contained in the administrative record. The court has considered these and all the other allegations of this pro se plaintiff with an eye towards our customary practice of "strain[ing] our proper role in adversary proceedings to the limit, searching this lengthy record to see if plaintiff has a cause of action somewhere displayed.” Ruderer v. United *727 States, 188 Ct.Cl. 456, 468, 412 F.2d 1285, 1292 (1969) cert. denied, 398 U.S. 914 (1970). We cannot find, faced with the formidably documented record evidence of plaintiffs inability satisfactorily to perform her job, any grounds upon which we might upset the BAR’s determination.
it is therefore ordered, upon consideration of the parties’ submissions and without oral argument,[1] that plaintiffs cross-motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and plaintiffs petition is dismissed[2].
Plaintiffs motion for rehearing denied September 29, 1978.
Plaintiffs petition for certiorari denied, 440 U.S. 937 (1979).

 Plaintiff has filed several ancillary motions, all of which the court has considered and now denies. No purpose would be served by oral argument. Nor, concerning plaintiffs Motion To Remove Medical Records From The File, is there any point to grant such a motion since there is nothing in the record to indicate that the presence or absence of medical files had anything to do with the BAR’s determination or its deliberations.

 Since we have found for the defendant on the above-stated grounds, it is unnecessary to consider defendant’s argument that plaintiffs claim should be barred under the doctrine of laches.