Plaintiff, Inland Service Corporation,* sues the United States to recover "liquidated damages” assessed by defendant pursuant to the Contract Work Hours and Safety Standards Act (the Act), 40 U.S.C. § 327 and ff, as a penalty for violating provisions contained in the Act. We have jurisdiction, 40 U.S.C. § 330(c); 28 U.S.C. § 1499. Defendant moves for summary judgment on the grounds that the *975 decision of the Secretary of Labor is supported by substantial evidence and is not arbitrary or capricious. There is no triable issue of fact. For the reasons that follow, we grant defendant’s motion and dismiss the petition, without oral argument.
Facts
Plaintiff was the prime contractor on the Department of Army contract DABT 23-76-C-0647 for garbage and waste collection at Fort Knox, Kentucky, executed on June 3, 1976, to run from July 1, 1976, to June 30, 1979. The contract was subject to both the Service Contract Act, 41 U.S.C. §351 and ff, and the Contract Work Hours and Safety Standards Act. Though violations of both acts are present in this case, only those penalties assessed pursuant to the latter Act are the subject of this case.
During the contract period, an investigation by the Department of Labor (dol) disclosed that employees were credited with fewer work hours on time records after March 1, 1978, than for identical assignments prior to that time. Employee interviews revealed that they worked through their 30 minute lunch breaks and up to 40 minutes beyond their 8-hour work day. These extra hours were not recorded on certified payrolls as required by the applicable regulations. Based on certain assumptions regarding the amount of time each employee worked from March 1, 1978, to February 22, 1979, as uncompensated overtime, back wages were initially calculated by the dol at $30,229.52. Mr. Weldon Smith, president of Inland Service Corporation, objected to the dol’s calculation of uncompensated work-time and provided a statement signed by 22 employees which stated that they had been fully compensated for all hours worked. This statement prompted reinterviews by the dol, and based upon additional information thereby obtained and further consultations with Mr. Smith, the estimate of uncompensated worktime was considerably reduced and total back wages recomputed at $10,112.16, apparently a compromise figure. Plaintiff agreed to and did in fact pay this recomputed sum. Along with this recomputed figure, the dol calculated 1,252 violations of the Contract Work Hours and Safety Standards Act for a total of $12,520 *976 in liquidated damages under the terms of 40 U.S.C. § 328(b)(2). That section provides in pertinent part:
In the event of violation of the [Act], the contractor * * * shall be liable to such affected employee for his unpaid wages and shall, in addition be liable to the United States * * * for liquidated damages * * *. Such liquidated damages shall be computed, with respect to each individual employed as a laborer * * *, in the sum of $10 for each calendar day on which such individual was required or permitted to work in excess of eight hours or in excess of the standard workweek of forty hours without payment of the overtime wages required by [the Act]* * *.
In a letter dated March 21, 1980, the dol advised the Army that liquidated damages might be appropriate. Army contracting officer, Gladys Clark, wrote plaintiff on May 20, 1980, stating that liquidated damages of $12,520 were to be assessed. Plaintiff responded in a letter dated May 27,1980, asserting that violations of the Act occurred notwithstanding the exercise of due care. Contracting officer Clark rejected this assertion, and on June 2, 1980, made specific findings and concluded that liquidated damages of $12,520 were required.
The contracting officer’s findings incorporated those findings made by the dol in its investigation of the instant contract and working conditions thereunder. That investigation found the violations to have begun when a new manager was hired and different managerial practices took effect.
On July 15, 1980, Major Ronald S. Frankel, representing the Secretary of the Army, issued a final order affirming the contracting officer’s determination of liquidated damages. The Secretary’s final order was issued under the provisions of 40 U.S.C. § 330(c) which provides in part:
Any contractor * * * aggrieved by the withholding of a sum as liquidated damages as provided in [the Act] * * * shall have the right * * * to appeal to the head of the agency of the United States * * *. Such agency head * * * shall have authority to review the administrative determination of liquidated damages and to issue a final order affirming such determination; or, if it is found that the sum determined is incorrect or that the contractor * * * violated the [Act] * * * inadvertently notwithstanding the exercise of due care on his part and that of *977 his agents, recommendations may be made to the Secretary [of Labor] that an appropriate adjustment in liquidated damages be made, or that the contractor * * * be relieved of liability for such liquidated damages.
In a letter dated May 20,1981, the Secretary of the Army advised plaintiff of his final order. The petition in this court, seeking review of that order, followed.
I
Defendant’s initial contention is that the decision of the Secretary of the Army is entitled to finality. Section 330(c) provides that the instant order will be entitled to finality with respect to findings of fact "if such findings are supported by substantial evidence.” Under the terms of section 330(c), relief is granted the contractor only if (1) the liquidated damages sum is found incorrect, or (2) he is able to show that he violated the Act "inadvertently notwithstanding the exercise of due care on his part and that of his agents.” (Emphasis supplied.) There is no contention that the liquidated damages is incorrectly computed, therefore, our task is to assess whether the Secretary of the Army’s determination that the contractor and/or his agents did not exercise due care is supported by substantial evidence. We conclude that it was.
That plaintiff violated the Act is uncontested. The only evidence offered for the Secretary’s consideration was that plaintiffs acts were "inadvertent notwithstanding the exercise of due care,” which evidence pertained solely to the actions of the president, Mr. Weldon Smith. No evidence was offered pertaining to the conduct of the newly hired manager, Mr. Troy Meadows. Indeed, it was the practices of Mr. Meadows that were directly linked to the violations of the Act’s provisions. There was no evidence before the Secretary and none is presented here to suggest plaintiffs agent, Mr. Meadows, exercised due care. The real basis of the petition appears to be that Mr. Smith was not present at the contract location and Mr. Meadows exacted uncompensated overtime work without Mr. Smith’s knowledge. The statute expressly required a showing of due care of plaintiff "and that of his agents.” 40 U.S.C. § 330(c). This would *978 include both Mr. Weldon Smith, as president, and Mr. Meadows, as manager.
Furthermore, plaintiff did not explain to the Secretary and does not offer this court any explanation of how the failure of Mr. Meadows correctly to record hours worked constituted due care on Mr. Meadow’s part. The explanatory letter of Mr. Smith does not show how, as Mr. Meadows’ immediate supervisor, he, Mr. Smith, exercised due care in that supervisory capacity.
The Secretary of the Army, faced with the factual findings of the dol’s investigation, those of the Army contracting officer and with the absence of any evidence showing due care with respect to material facts underlying violations of the Act, was justified in refusing to grant a remission of liquidated damages. More importantly, for purposes of this review, we find that the Secretary’s final order was supported by substantial evidence because plaintiff did not show that its violations were inadvertent notwithstanding the exercise of due care. The effort to put all the blame on the manager simply cannot be regarded as a serious basis for a remission petition.
In opposition to defendant’s motion, plaintiff contends that the amount of liquidated damages assessed is not supported by substantial evidence and that the amount of violations claimed by defendant, 1,252 of them, is nowhere substantiated in the record.
Initially, we are not disposed to consider plaintiffs arguments on this point. This is the first time, in the life of this dispute, that the amount of liquidated damages and its method of computation are challenged. The only administrative challenge of record made by plaintiff against the assessment of liquidated damages was to suggest that violations of the Act occurred notwithstanding the exercise of due care. Furthermore, plaintiff had previous opportunities to make this point. As noted above, plaintiff did challenge and fully explored the method of computation of back wages and overtime pay. The dol’s initial estimate thereof was reduced, agreed to and, on August 8, 1979, finally paid. At this time nothing prevented plaintiff from challenging the method used for computing liquidated damages. Generally, we have refused to consider evidence *979 and arguments which might have been presented at lower administrative proceedings, but were not, and subsequently-raised here for the first time, see e.g., Fucik v. United States, 228 Ct.Cl. 379, 386-87, 655 F.2d 1089, 1095 (1981); Leefer v. United States, 215 Ct.Cl. 1061, 1062 (1978). The general rule would apply unless "exceptional or particular circumstances” are shown to persuade us otherwise. See Haynes v. United States, 190 Ct.Cl. 9, 13, 418 F.2d 1380, 1383 (1969). Plaintiff offers no explanation of why it failed to challenge the amount of liquidated damages and its method of computation in the administrative proceedings below, and we are, as a consequence, unable to find any "exceptional or particular circumstances” that would allow us to consider plaintiffs challenge.
Additionally, we note that plaintiff agreed to and did in fact pay the compromise back wages and overtime assessments made by the Army. Defendant maintains that the assessment of liquidated damages is based on and calculated in a manner consistent with the method of computing back wages and overtime pay, which in effect controlled the penalties. Plaintiff does not contest this assertion. Given the presumption of regularity that attaches to actions of government officials, the Army’s uncontradicted method of computing liquidated damages and circumstances which evince plaintiffs acceptance of the computing method, any objections to that method are waived and we affirm the Army’s assessment of $12,520 as liquidated damages.
Finally, plaintiff argues that the amount of liquidated damages was so harsh as to constitute an "abuse of discretion.” We do not believe that this standard is the correct one by which the assessment of liquidated damages is to be measured. Under the Act, once the number of violations are determined, the amount of liquidated damages automatically follows at the rate of $10 for each calendar day violation; there is no discretion involved. 40 U.S.C. § 328(b)(2). The Secretary of the Army is not authorized to make a discretionary remission of damages, rather he has the power only to recommend remission, and that recommendation could be based only upon a showing of inadvertence notwithstanding the exercise of due care, facts not present in this case. 40 U.S.C. § 330(c). Moreover, we are *980 not persuaded that the liquidated damages assessed against plaintiff could have reflected a harsh or arbitrary attitude on the part of the agencies involved. They did not, as they might have, threaten plaintiff with criminal penalties, 40 U.S.C. §322, or disqualification from receiving future federal contracts, 29 C.F.R. § 5.6(b)(1). It was Congress that prescribed the rate of $10 per violation per calendar day; Congress takes these violations very seriously for reasons which are at least understandable, and it is not our task to pass upon the wisdom of its enactments. Plaintiff had notice of the enactments it ran foul of in the contract it bid on.
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition is hereby dismissed.

 Although Inland Service and Mr. Weldon Smith both join as plaintiffs in this action, for purpose of clarity, we refer to both in the singular as plaintiff unless specifically referred to otherwise.