983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James R. HOLTGREWE, Petitioner,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.
 No. 92-3506.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1992.
Rehearing Denied Dec. 9, 1992.
 
 Before ARCHER and CLEVENGER, Circuit Judges, and KAUFMAN, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 The order of the Merit Systems Protection Board (MSPB) dated June 3, 1992 is hereby affirmed.
 
 
 2
 The Federal Deposit Insurance Corporation (FDIC) has, as the MSPB has stated in its said order, fully complied with the terms of the settlement agreement between James R. Holtgrewe (Holtgrewe) and the FDIC dated September 18, 1990, with respect to payment of back pay and interest. That was the only issue raised by Holtgrewe during the MSPB proceeding which gave rise to that said order. Nevertheless Holtgrewe, in the within appeal, seeks reinstatement to his former duty station in Grand Island, Nebraska, and raises certain other issues including claims for damages based upon loss of income, borrowing ability and consortium. However, those issues were not before the MSPB in connection with that proceeding; accordingly, they may not be considered by this appellate court in the within appeal. Oshiver v. Office of Personnel Management, 896 F.2d 540, 542 (Fed.Cir.1990); Lizut v. Department of the Navy, 717 F.2d 1391, 1396 (Fed.Cir.1983); Haynes v. United States, 418 F.2d 1380, 1382-83 (Ct.Cl.1969). Those claims by Holtgrewe are, however, apparently the subject of a different MSPB proceeding which apparently is still pending before the MSPB.
 
 
 3
 In the within appeal Holtgrewe seemingly also seeks to press a claim for punitive damages for failure of the FDIC to comply with the aforementioned settlement agreement. On March 11, 1992, Administrative Judge (AJ) John H. Pleuss found "that the imposition of sanctions are not now warranted in the interest of justice because the agency [i.e. the FDIC] has paid much of the back pay and the unpaid portions resulted from late crediting to the agency of funds from other entities." (Order of AJ John H. Pleuss dated March 11, 1992, p. 11.) In its aforementioned June 3, 1992 order, the MSPB, while not commenting directly concerning the AJ's refusal to impose sanctions, affirmed that order. Holtgrewe's quest for punitive damages in connection with the within appeal would appear to seek reversal of the non-sanctions ruling of the AJ. That issue is thus presently before this court. For the reasons stated by the AJ, his denial of Holtgrewe's above-referenced claim for punitive damages is soundly based and is therefore affirmed.
 
 
 
 [1]
 The Honorable Frank A. Kaufman, Senior District Judge of the United States District Court for the District of Maryland, sitting by designation