Dueeee, Senior Judge,
delivered the opinion of the court:
In this civilian pay case plaintiff challenges the actions of various Air Force decision-makers regarding adverse personnel actions against plaintiff. Plaintiff complains that the processes by which he was reduced in rank from grade GS-13 to grade GS-9 were arbitrary and capricious as not in compliance with various applicable personnel regulations and fraught with fatal procedural errors. By his petition and cross-motion for summary judgment, plaintiff seeks position restoration to grade GS-13, back pay and other relief. Defendant moves for summary judgment dismissing plaintiff’s petition, maintaining that the Air Force complied with applicable personnel regulations in effecting plaintiff’s demotion, and the same was not arbitrary, capricious, unsupported by substantial evidence, or procedurally defective.
Plaintiff, a non-veteran, entered Air Force service in 1962 as a civilian Aero space Engineer, grade GS-13, with the Air Force Systems Command, Mira Loma Air Force Station, California. In 1966 plaintiff was reassigned to the Sacramento Air Materiel Area, McClellan Air Force Base at the same grade GS-13 level following a reduction in force at his previous post. In January 1968 plaintiff’s superiors, dissatisfied with plaintiff’s performance of his assigned duties, issued plaintiff a warning letter notifying him of his substandard performance. This letter set out five areas in which plaintiff’s supervisors found his performance inadequate. The letter contained the additional admonishment that plaintiff’s failure to improve his performance would necessitate remedial action in the form of reassignment or removal. In July 1968 plaintiff’s supervisors at McClellan, after careful review of plaintiff’s work since the January warning letter, concluded that plaintiff had not made significant improvement in his performance, and issued plaintiff a notice of proposed removal. Following plaintiff’s reply to this removal notice, his supervisors decided in August 1968 to offer plaintiff reassignment from his GS-13 position to a GS-9 position in lieu of removal. Plaintiff appealed this de *462 motion action denying the inadequacy of his work, and charging his superiors with harassment. After hearing on the parties’ charges the Hearing Officer concluded that neither party had substantiated its charges. The Hearing Officer recommended that plaintiff be reinstated in his former position, and in view of the obvious strained relations between plaintiff and his supervisors, that all efforts be made to laterally reassign plaintiff outside of the jurisdiction of Ms former supervisors. The Hearing Officer’s decision was affirmed on review and plaintiff reinstated in his former GS-13 position.
Plaintiff subsequently pursued an intra-agency grievance procedure on his charges of management harassment. The Hearing Officer on this grievance proceeding found that plaintiff had failed to sustain his charges of supervisory harassment but recommended that continuing efforts be made to reassign plaintiff outside of his present supervisors. Plaintiff subsequently appealed this decision to the Secretary of the Air Force.
The strained relations between plaintiff and his supervisors, as previously found by two hearing officers, again came to a head in February 1970 when plaintiff’s superiors again proposed to remove plaintiff for his failure to meet the performance requirements of his grade GS-13 position. This notice specified that the removal action was being proposed for plaintiff’s substandard performance on eight of his fifteen assigned projects. Plaintiff responded in writing to the removal notice, categorically denying the performance inefficiency charges made in the Air Force’s proposed removal notice and alleging that the proposed removal was in retaliation for plaintiff’s submission of the above-mentioned grievance procedure against management. The Deputy Chief of plaintiff’s division notified plaintiff on March 23, 1970, that after careful consideration of the information furnished in plaintiff’s reply to his proposed removal, he had determined that the charges of plaintiff’s substandard performance were fully supported by the evidence and warranted plaintiff’s removal effective March 30,1970.
Plaintiff elected to pursue an intra-agency appeal of the removal decision and requested a hearing. Following the *463 initiation of plaintiff’s removal appeal, the Secretary of the Air Force determined that the record on plaintiff’s aforementioned grievance procedure, then pending review in the Office of the Secretary, did not contain sufficient information to reach a firm conclusion on that matter and joined plaintiff’s grievance complaint with his removal appeal for resolution of both issues.
At the hearing on plaintiff’s removal, defendant introduced evidence of plaintiff’s substandard performance on the eight projects specified in the Air Force’s notice of proposed removal. In addition, defendant introduced evidence of plaintiff’s inefficient performance on four additional assigned projects. The Hearing Examiner ruled that defendant’s introduction of these four additional projects not detailed in the removal notice constituted error, but held it was not fatal to the proceeding as management did produce evidence on the eight original projects specified in the notice of proposed removal which plaintiff had the opportunity to contest.
In his decision, the Hearing Examiner pointedly excluded these four additional projects from consideration of the merits of the case. On consideration of the hearing record, excluding the four additional projects introduced by defendant for the first time at plaintiff’s removal hearing, the Hearing Examiner found that management had failed to sustain its charges of plaintiff’s inefficient work performance and that plaintiff had sustained his management harassment charge. Consequently, the Hearing Examiner recommended cancellation of the removal action and retroactive restoration of plaintiff to his grade GrS-13 position. Additionally, the Hearing Examiner recommended that plaintiff not be assigned to a position under his former superiors.
On review of the Hearing Examiner’s decision, the Vice Commander of the Sacramento Air Materiel Area declined to accept the Examiner’s findings and recommendations. The Vice Commander, on consideration of the appellate record, concluded that plaintiff had not been harassed by his superiors and that the preponderance of the evidence fully supported management’s charges of plaintiff’s substandard performance and warranted his removal effective March 30, 1970.
*464 Plaintiff requested review by the Secretary of the Air Force of the Sacramento Air Materiel Area Vice Commander’s decision sustaining his removal. On August 3, 1971, the Secretary in a comprehensive and detailed decision amounting to de novo consideration of plaintiff’s case, determined that:
* * * appellant’s work performance was sufficiently substandard to warrant his removal from the Mechanical Engineer, GS-13 position; but his removal from.the service has not been justified because management failed to consider him for reassignment or demotion to other occupational fields as required by AFR 40-714. The decision finds also that appellant’s supervisors had a hostile attitude toward him which adversely affected Ms performance, but that this was not the essential cause of his substandard performance. * * *.
In accordance with these findings, the Secretary ordered Sacramento Air Materiel Area officials to offer plaintiff, in lieu of removal, reassignment or demotion to a position no lower than GS-9 in accordance with AFR 40-714 and to rectify management supervision deficiencies.
As requested by the Secretary’s decision, officials at the Sacramento Air Materiel Area offered plaintiff a GS-9 Equipment Specialist position with retroactive pay, at the GS-9 grade, from his March 30,1970 removal date. Plaintiff accepted this offer and commenced employment in the grade GS-9 Equipment Specialist position on October 4,1971.
On March 01,1974, plaintiff commenced suit in this court, challenging the validity of the various Air Force decisions resulting in Ms demotion from grades GS-13 to GS-9. In all of Ms disputes with defendant, plaintiff was represented by counsel.
In review of adverse civilian personnel actions, the court’s function is limited to the twin assessments of the procedural validity of the agency’s action and the determination of whether substantial evidence supports that action. Morelli v. United States, 177 Ct. Cl. 848 (1966); Boyle v. United States, 207 Ct. Cl. 27, 515 F. 2d 1397 (1975); Ricci v. United States, 205 Ct. Cl. 687, 507 F. 2d 1390 (1974); Grover v. United States, 200 Ct. Cl. 337 (1973).
*465 In undertaking this limited review of the agency’s action, the court is constrained to assess only the final decision of the agency with deference to the rulings of our prior decisions that it is not the court’s function to substitute our judgment for that of the agency, but rather to review the case to determine whether the agency’s action was reasonable in light of all the evidence or arbitrary or capricious, Boyle v. United States, supra, 207 Ct. Cl. at 34, 515 F. 2d at 1401, Harrington v. United States, 174 Ct. Cl. 1110, 1117 (1966), and that Government officials presumably act in good faith in the performance of their duties. Morelli v. United States, supra; Grover v. United States, supra; Greenway v. United States, 75 Ct. Cl. 350, 362, cert. denied, 385 U.S. 881 (1966).
In seeking judicial review of the various proceedings culminating in his demotion, plaintiff claims only that the Air Force’s personnel decisions were invalid for service’s failure to comply with recognized due process requirements and certain applicable Air Force regulations. While plaintiff liberally charges defendant with arbitrary and capricious action, he makes no identifiable claims that either the facts found by the Air Force decision-makers were unsupported by substantial evidence or that defendant’s actions were arbitrary and capricious other than defendant’s alleged procedural failures to afford plaintiff the legel protections of law and certain Air Force regulations. The mere allegation of arbitrary and capricious action on defendant’s part, absent a direct and pointed attack on the evidentiary basis of the agency’s action, is insufficient to warrant a judicial determination of wrongful agency action. Liotta v. United States, 174 Ct. Cl. 91 (1966); Mayer v. United States, 145 Ct. Cl. 181 (1959). Hence, the court’s review function in this case is limited to plaintiff’s claims of procedural errors.[1]
The proper disposition of this case must focus on the final decision of the Secretary of the Air Force and whether that decision is predicated on or countenanced a procedural error *466 in effecting plaintiff’s demotion. Plaintiff argues that his demotion stemming from that decision is invalid for (1) the Air Force’s failure to follow certain of its regulations in effecting plaintiff’s demotion and (2) procedural errors in the hearing process.
I. BREACH OE AGENCY REGULATIONS
Plaintiff contends that the Air Force’s action in first proposing to remove plaintiff and then demoting him as of March 30,1970 in lieu of removal, violated the requirements of Air Force Regulation 40-714 (AFR 40-714). AFR 40-714 outlines the measures that the service must take before considering removal of a civilian employee.[2] Essentially, the *467 regulation requires that an employee be given notice of his performance deficiencies and the opportunity to improve with the assistance of his supervisors. Further, the regulation requires that Air Force officials explore the possibilities of reassigning or demoting a deficient employee before considering removal. The regulation reflects the Air Force’s policy that “Air Force supervisors and operating officials direct their efforts toward retaining employees who will promote the efficiency of the Air Force.”[3]
Plaintiff asserts that his demotion was invalid because the Air Force denied him the benefits of AFK. 40-714 both prior to the institution of the removal action and in the execution of that action. Specifically, plaintiff charges defendant with failure to provide plaintiff assistance in improving his job performance and failing to consider plaintiff for reassignment or demotion before initiating and executing the removal action. Plaintiff amplifies his claim of defendant’s failure to render job assistance by charging that his supervisors rather than rendering assistance, as required by AFK 40-714, harassed plaintiff in the performance of his assignments.
On consideration of these charges by the Secretary of the Air Force, the Secretary found that plaintiff’s supervisors did make adequate efforts under the circumstances to assist plaintiff to meet the performance standards of his position and that plaintiff’s supervisors were also culpable of harassment, but that such was not the essential cause of plaintiff’s performance deficiency. The Secretary, however, disregarded both of these points in reaching his ultimate determination. After extensive review of the merits of plaintiff’s appeal, the Secretary concluded that while plaintiff’s work performance was sufficiently substandard to warrant his removal, such action was not justified because of management’s failure to consider plaintiff for reassignment or demotion to other positions consistent with the provisions of AFK 40-714. Accordingly, the Secretary terminated the removal action, subject to plaintiff’s acceptance of reassignment or demotion in accord with AFK 40-714. Plaintiff subsequently accepted an offered grade GS-9 position retroactive to his March 30,1970 date of removal.
*468 The Secretary’s detailed decision forecloses two of plaintiff’s claims. The Secretary found that plaintiff was afforded adequate supervisory assistance in the performance of his assignments in accordance with AFE 40-714. This finding is adequately supported by the record, and well documented in defendant’s brief. In fact, with the exception of the initial charge in his petition, plaintiff has failed to demonstrably pursue the point that he was denied supervisory assistance. In light of the Secretary’s decision to the contrary, plaintiff’s failure to demonstrate its fallability and the court’s own review of the record, this part of plaintiff’s claim is dismissed.
The Secretary agreed with plaintiff that he had been subject to management harassment. However, the Secretary went on to conclude that such harassment was not the essential cause of plaintiff’s deficient work performance. The point of plaintiff’s persistent claim of harassment in light of the Secretary’s favorable finding on the issue is lost to the court. The court concurs with plaintiff’s claim and the Secretary’s finding of management harassment. What escapes the court is how concurrence in plaintiff’s harassment claim entitles plaintiff to recovery. Plaintiff apparently equates management’s harassment with its alleged failure to provide plaintiff with job assistance as required by AFE 40-714. Such an equation is not supported by the record. Only one of the hearing examiners who dealt with various phases of plaintiff’s employment problems, and from whose decisions plaintiff liberally quotes in pressing his harassment claim, found that management’s antagonistic attitude toward plaintiff extended to the denial of job assistance. The Secretary, on review, disagreed with this examiner’s finding. The record amply supports the Secretary’s contrary finding and plaintiff has failed to directly attack this finding. Even accepting plaintiff’s harassment claim, the Secretary’s concomitant finding that Air Force officials provided plaintiff with adequate job assistance in compliance with AFE 40-714 precludes plaintiff’s unsupported argument that his supervisor’s harassment included failure on their part to render job assistance, as required by AFE 40-714. These two findings are neither inconsistent nor mutually exclusive. *469 Rather, management’s conduct, as found by the Secretary, included both harassment and adequate assistance to convince the Secretary of management’s compliance with the requirements of AFR 40-714.
As the record adequately supports these twin findings, and plaintiff has failed either to convincingly develop the harassment finding or attack the assistance finding, the court will not substitute its judgment of the evidence for the Secretary’s reasoned assessment of the same. Harrington v. United States, supra; Guiness v. United States, 149 Ct. Cl. 1, 6, cert. denied, 363 U.S. 819 (1960). Additionally, plaintiff has failed to point out authoritative interpretations of the extent of management assistance necessary to comply with the requirement of AFR 40-714 contrary to the Secretary’s determination that plaintiff received such assistance in this case. Accordingly, the Secretary’s interpretation is entitled to credence as the expert administrative interpretation of the regulation by the implementing agency. Barrington Manor Apartments Corp. v. United States, 198 Ct. Cl. 298, 304, 459 F. 2d 499, 502-03 (1972).
While the record supports a finding of management harassment, it equally supports a finding of management assistance to plaintiff. This latter finding vitiates plaintiff’s claim that he has wrongfully been subject to an adverse personnel action contrary to the applicable regulation. Plaintiff is not entitled to recover only upon substantiation of supervisory harassment. In order to establish a violation of AFR 40-714, entitling plaintiff to recovery, plaintiff must show that such supervisory harassment included a denial of management assistance. This plaintiff has not shown and accordingly this part of plaintiff’s petition must likewise be dismissed.
Finally, plaintiff argues that the offer of a grade GS-9 position by personnel officials at McClellan Air Force Base following the Secretary’s order that plaintiff be reassigned or demoted, violated the provisions of AFR 40-714. Plaintiff contends that after the Secretary’s reinstatement order, Air Force personnel officials were bound by the regulation to consider plaintiff for a grade GS-13 position, and that their alleged failure to do so was violative of AFR 40-714.
*470 Plaintiff points out that the Secretary’s reinstatement order did not require plaintiff’s demotion and that the order only directed personnel officials to consider plaintiff for reassignment or demotion in accordance with the provisions of AFP, 40-714. Further, plaintiff correctly asserts that AFK 40-714 requires consideration of reassignment of an employee at his existing grade level prior to demotion.[4] Hence, plaintiff argues that defendant’s offer of a grade GS-9 position was not in accordance with the requirements of AFK 40-714, and invalidates the demotion action.
While plaintiff is correct in all of Ms assertions as to the requirements of both the Secretary’s reinstatement order and the applicable regulations, he fails to reconcile these requirements with the facts of the case. After review of the proper evidence in the record, the Secretary found that plaintiff’s “performance was sufficiently substandard to warrant his removal from the Mechanical Engineer, GS-13 position * * This finding expressly represents the judgment of the highest official of the Air Force that plaintiff was unqualified for service in the Air Force as a grade GS-13 engineer. Air Force grade GS-13 engineers are independently responsible for the solution of complex technical engineering problems involving substantial Air Force investments in equipment as well as the lives of service personnel. The performance standard for grade GS-13 engineers is 98% error-free work without technical supervision. Plaintiff’s performance was well below this standard. In view of the highly technical nature of the work of Air Force grade GS-13 engineers, the substantial and independent responsibility entrusted to them, and the Secretary’s judgment as to plaintiff’s inability to perform such work, plaintiff’s demotion from his prior grade GS-13 engineering position is not at all unreasonable, arbitrary or capricious.
The record adequately evidences plaintiff’s inability to perform the duties of a grade GS-13 engineering position. As such, reassignment of plaintiff to another grade GS-13 position would be both contrary to the evidence and possibly jeopardize Air. Force equipment, projects and personnel. *471 Plaintiff’s claim that he should have been considered for reassignment to another grade GS-13 engineering position is voided by the substantial evidence in the record. Defendant’s presentation by way of exhibits and affidavits convinces us that reasonable steps were taken to reinstate plaintiff in a suitable position for which he was qualified. In light of the evidence presented in this case, we find that defendant's offer to plaintiff of a GS-9 position following the Secretary’s reinstatement order to be neither arbitrary, capricious nor a violation of AFR 40-714 and plaintiff’s claim in this regard is dismissed.
H. PROCEDURAL ERRORS IN THE HEARING PROCESS
Plaintiff claims that the defendant committed two fatal procedural errors in the hearing process which invalidate the entire personnel action and entitle plaintiff to retroactive status and back pay as a grade GS-13 as of his March 30, 1970 removal date. Plaintiff contends that when his supervisor set forth only eight charges of plaintiff’s performance deficiencies in his letter of charges, but produced an additional four charges at the hearing, the supervisor failed to notify plaintiff of all charges which the supervisor considered in reaching his decision to remove plaintiff. Plaintiff argues that his supervisor’s withholding of the four additional charges until the hearing, violated plaintiff’s right to have notice of all charges on which the adverse personnel action is based. Plaintiff did not raise this point in his pleadings before the court and has provided no authority for this proposition.
The notice requirement contained in various applicable statutes and Air Force regulations extends to an employee only the right to have notice of the charges on which the agency relies in proposing its adverse personnel action and upon which the agency seeks to have such action legally validated.
As plaintiff had notice, opportunity to respond and the agency’s decision was based only on those charges originally preferred against plaintiff in the agency’s letter of charges, defendant complied with the notice requirements of both applicable statutes and regulations and this late-raised argu *472 ment of plaintiff is dismissed. O'Brien v. United States, 151 Ct. Cl. 392, 284 F. 2d 692 (1960).
The second fatal error which plaintiff contends defendant committed during the hearing process was the Hearing Examiner’s admission into the record of the four additional charges not specified in the original letter of charges. Plaintiff argues that the admission into the record of these extra adverse charges against plaintiff was improper because they had not been specified in the letter of charges. On this point the Hearing Examiner, the Secretary of the Air Force and the court agree. Plaintiff goes on to contend, however, that the mere presence of the four additional charges in the record irrevocably prejudiced plaintiff’s case on review both before the Vice Commander of the Sacramento Air Materiel Area and the Secretary of the Air Force, even though both of these reviewers disclaimed reliance on this evidence in reaching their decisions. On this point the court disagrees. Our decision in Haynes v. United States, 190 Ct. Cl. 9, 418 F. 2d 1380 (1969), forecloses plaintiff’s argument on this point.
In Haynes, the court was faced with a civilian pay case where undoubtedly improper evidence was also admitted into the hearing record. On consideration of whether the presence in the record of this improperly admitted evidence necessitated reversal of the agency personnel action for procedural error the court ruled that plaintiff’s claim “must fail because the error * * * was harmless and had no effect on the ultimate decision.” Haynes v. United States, supra, 190 Ct. Cl. at 15, 418 F. 2d at 1384. Likewise, the instant plaintiff’s identical claim must fail for the same reason.
To sustain a procedural error for improperly admitted evidence, plaintiff must show the actual harm or prejudice which he suffered as a result of the admission of the improper evidence. “He must show that this piece of evidence was relied upon to his detriment.” Haynes v. United States, supra, 190 Ct. Cl. at 14, 418 F. 2d at 1384. Plaintiff, in this case, cannot meet this burden because both the Hearing Examiner and the Secretary unequivocally and expressly disclaimed reliance upon the improperly admitted evidence in reaching their decisions.
*473 The Vice Commander of the Sacramento Air Materiel Area’s decision on review of plaintiff’s case is equivocal on the point of whether he considered the four improper charges. However, even if he did, and we believe he did not, that defect, if any, was corrected by the Secretary’s final decision which expressly excluded the four improper charges from consideration of the merits of plaintiff’s case. In this regard, we note that the Secretary predicated his decision on an extensive and detailed examination of the case amounting to de novo review. The Secretary did not merely affirm the Vice Commander’s decision.
As plaintiff cannot show that these four improperly admitted charges were relied upon by the Air Force decision-makers to his detriment and the record undisputably shows that this improper evidence had no effect on the ultimate decision, this part of plaintiff’s claim must fail because the error was harmless. Haynes v. United States, supra, cf. McDonald v. United States, 205 Ct. Cl. 780, 507 F. 2d 1271 (1974).
The parties’ failure to delineate and develop precise legal issues in this appeal has resulted in the presentation to the court of an unnecessarily convoluted and largely unconnected assortment of questions. This failing has necessitated some restructuring of the parties’ arguments and redundancy in the court’s opinion. In reviewing this case the court has thoroughly considered all of the parties’ arguments but has addressed only those, which in the court’s opinion, were legally significant.
One further issue remains to be considered. This is whether following the Secretary’s termination of plaintiff’s removal action and his reinstatement order, defendant erred in retroactively demoting plaintiff to GS-9 and compensating him at that grade level from the date of his removal to the date of his reinstatement. We believe defendant did so err. When the Secretary invalidated plaintiff’s removal for the Air Force’s failure to follow its own regulations and ordered plaintiff reassigned or demoted in accordance with the provisions of AFE 40-714, he also at the same time abrogated the Air Force’s power to retroactively sanction plaintiff in any *474 way on account of the adverse personnel proceeding he had invalidated. The Secretary’s cancellation of the service’s previously executed removal action had the effect of restoring plaintiff to his former grade GS-13 position. In fact, the first employment form issued to plaintiff upon his return to the Air Force listed his position as a grade GS-13, and carried the notation “Retroactive restoration after appeal to agency. * * * Entitled to back pay under 5 U.S.C 5596.” 5 U.S.C. § 5596, the Back Pay Act, provides that:
(b) An employee of an agency who, on the basis of an administrative determination of a timely appeal, is found by appropriate authority under applicable law or regulation to have undei’gone an unjustified or unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay, allowances, or differentials of the employee—
(1) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect an amount equal to all or any part of the pay, allowances, or differentials as applicable, that the employee normally would have earned during that period if the personnel action had not occurred, less any amounts earned by him through other employment during that period; * * *.
if: ifi # %
The Secretary’s decision that plaintiff’s removal from the service had not been justified, effectively restored plaintiff to his former grade GS-13 position, activated the Back Pay Act, and entitled plaintiff to recovery in accordance with that statute.
Accordingly, plaintiff is entitled to recover back pay at the grade GS-13 level less the grade GS-9 pay he has received and other statutory adjustments from the date of his removal to the date of his reinstatement. On this one issue, plaintiff’s cross-motion for summary judgment is granted, and defendant’s motion for summary judgment is denied, and the case referred to the Trial Division for further proceedings under Rule 131(c). As to all other issues plaintiff is not entitled to recover, and defendant’s motion for summary judgment is granted, plaintiff’s cross-motion is denied, and his petition is dismissed.

Plaintiff expressly conceded in Ms petition (p. 2) that his claim rests solely on defendant’s alleged procedural errors:
“4. This action arises on a claim founded on a breach of published regulations of the Department of the Air Force, * * * and the regulations issued by the Ciyil Service Commission * *

 APR 10-714 in pertinent part provides:
“1. Air Poree Policy. Air Force supervisors and operating officials direct their efforts toward retaining employees who will promote the efficiency of the Air Force. Conversely, they reassign, reduce in grade, rank, or salary, or separate employees who do not meet Air Force standards. Actions must be taken promptly and equitably, and must comply with requirements and benefits provided by law and regulations.
“2. Guiding Principles:
“a. Each employee must know the performance requirements he is expected to meet for satisfactory performance in his position. (See AFR 40-4)51).
“b. When an employee fails to meet the performance requirements of his position, he must be told of his deficiencies and given an opportunity, with assistance, to improve before any adverse action is taken.
“c. Before separation action is taken, placement in other available positions in which the employee’s performance can reasonably be expected to be satisfactory must be explored.
“4. Initial Action When Performance Fails to Meet Requirements:
“a. The employee must be advised of his shortcomings, given an opportunity to improve for a reasonable period, and assisted in meeting performance requirements as provided in AFR 40-451. He must also be told of the consequences if he fails to improve. Whenever possible, this information should be furnished in writing to insure that the employee understands the seriousness of the situation and what is expected of him. However, an oral discussion and warning is acceptable if a record of the discussion is made on the AF Form 971. ‘Supervisor’s Record of Employee.’
*****
“5. Taking Corrective Action. If the employee’s performance does not improve, the supervisor, in consultation with the civilian personnel office, determines whether reassignment, demotion, or separation is appropriate.
“o. Considering the Employee for Other Positions.
“Reassignment or demotion will be considered when the job requirements for the new position are sufficiently different from the old that the employee can reasonably be expected to meet them. Consideration is given first to available positions at the employee’s current grade and then to those at lower grades.”

 AFR 40-714 ¶ 1, supra, n. 2.

 AFR 40-714 ¶5.0., supra, n. 2.