This civilian pay case is before the court on defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment. The Merit Systems Protection Board (mspb) upheld the agency decision to remove plaintiff from his position as a GS-12 criminal investigator with the Bureau of Alcohol, Tobacco and Firearms (batf) in the Department of the Treasury. Plaintiff seeks back pay from the date of his removal to the date of this order. He claims that the mspb’s decision was arbitrary, capricious, and unsupported by substantial evidence, that the mspb erred by admitting unsworn statements into evidence, and that the penalty imposed was unduly harsh. Both parties have moved for summary judgment and submitted the case at hearing on the briefs without proceeding to oral argument. After considering the record,[1] we find that the MSPB was not in error, and therefore we affirm.
Plaintiff was employed as a special agent criminal investigator for the batf in May 1978 and had served in such capacity for approximately 7 years. In 1974 plaintiff started to use informant Don "Blue” Weidner and, over the years, formed a close association with the informant. For example, he attended the informant’s wedding to Beth Muir in Las Vegas, he traveled to the house of the informant’s relatives in Missouri, and he helped the informant engage in efforts to secure private employment. Wittingly or unwittingly, this close association lent respectability to the informant’s having represented himself to the public as an agency employee.
When Weidner left Beth Muir, taking $6,000 of her money and leaving her with unpaid bills, she complained to the regional batf office. Thereafter she sent a letter to the *855 Secretary of the Treasury. She claimed that she had been misled by Weidner and plaintiff into believing that Weid-ner was a batf agent. An investigation into Beth Muir’s complaint was instituted subsequently. As a result of this investigation a notice of proposed adverse action was sent to plaintiff and received by him on May 18,1978.
The notice claimed four reasons for the proposed removal. The first reason was that plaintiff had violated batf Order 2735.1 by transporting Beth Muir and Joanne Mitchell, Beth’s sister with whom plaintiff had formed a close relationship, in a Government-owned vehicle when their presence was not essential to the successful completion of a batf mission. The second reason stated that plaintiff had violated batf Order 2735.1 by intentionally submitting false, misleading, or ambiguous statements of expenditures and work hours. The third reason alleged that plaintiff had failed to demonstrate reasonable judgment in the performance of his criminal investigatory duties.[2] The fourth reason for removal was that plaintiff had failed to comply with batf Order 3220.5 which requires that an agent use, rather than be used by, an informant.
The proposed notice of adverse action informed plaintiff of his right to make an oral and written reply to the charges, his right to submit affidavits and evidence in support of his reply, his right to review the material relied upon, and his right to use 8 hours of official time to prepare his reply. Plaintiff made both a written and an oral reply. On June 26, 1978, the batf removed plaintiff, effective July 14, 1978, to promote the efficiency of the service. The agency’s decision was appealed to the Civil Service Commission, now replaced by the Merit Systems Protection Board, which after a hearing upheld plaintiffs removal. Plaintiff filed suit in this court on May 12,1980.
Before the merits of the contentions advanced are considered, the court must determine the scope of review to be exercised over the decision by the mspb.[3] This court is limited on review to a determination whether the dismissal *856 was arbitrary, capricious, unsupported by substantial evidence, in excess of authority, or not in accordance with prescribed procedures. Boyle v. United States, 207 Ct. Cl. 27, 34, 515 F.2d 1397, 1401 (1975); Ricci v. United States, 205 Ct. Cl. 687, 693, 507 F.2d 1390, 1393 (1974); Schlegal v. United States, 189 Ct. Cl. 30, 36, 416 F.2d 1372, 1375 (1969), cert. denied, 397 U.S. 1039 (1970). The presumption in reviewing Government actions is that the officials acted in good faith. Boyle v. United States, supra, 207 Ct. Cl. at 34, 515 F.2d at 1401. The burden of proof lies with plaintiff who must show deficiencies which would justify reversing the administrative decision. Poschl v. United States, 206 Ct. Cl. 672, 692 (1975).
Given the standard of review, we may consider plaintiffs first claim that the decision of the mspb was arbitrary, capricious, and unsupported by substantial evidence. The mspb affirmed the agency’s removal decision after a thorough review of the record which included the testimony of plaintiff and other witnesses adduced at the hearing. With respect to the first charge concerning the transportation of unauthorized personnel, the mspb rejected plaintiffs testimony, which was somewhat at variance with his previous affidavits and sworn statements, and accepted the testimony of the other witnesses that the use of the automobile related to plaintiffs friendship with the individuals involved rather than official Government business. On the charge of submitting false, misleading, or ambiguous work and expenditure statements, the mspb rejected plaintiffs explanation of the event based on certain inconsistencies in plaintiffs statement during the appeal. With respect to the allegation that plaintiff had been used by the informant, the mspb rejected plaintiffs testimony on the basis of contradictory affidavits of witnesses who had an opportunity to observe plaintiffs relationship with the informant.
Where a board decision is based on the credibility of testifying witnesses, this court will not reverse unless the accepted testimony is inherently improbable or discredited by undisputed evidence. Highway Products, Inc. v. United States, 208 Ct. Cl. 926, 938, 530 F.2d 911, 918 (1976). This deference is based upon the inability of the reviewing court *857 to observe witness demeanor. See NLRB v. Walton Manufacturing Co., 369 U.S. 404, 408 (1962).
Plaintiff has not shown with sufficient specificity that the testimony on which the mspb’s decision was based was inherently improbable or discredited by undisputed evidence. Nor has plaintiff shown that the testimony and affidavits relied upon did not constitute substantial evidence upon which the mspb could base its findings.[4] See Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (defining substantial evidence to mean the amount of evidence which a reasonable mind might accept as adequate to support a conclusion). The decision of the mspb was based on the credibility of different witnesses, and these determinations were supported not only by the demeanor of the witnesses but also were corroborated, in many instances, by inconsistencies, omissions, and variations between plaintiffs written statements and oral testimony. For these reasons, we cannot conclude as a matter of law that the mspb’s decision was arbitrary, capricious, or unsupported by substantial evidence.
The second contention advanced by plaintiff is that the mspb erred by admitting into evidence certain unsworn statements of a witness. The gravamen of plaintiffs objection is that the admission of this document violated 5 C.F.R. §§772.305 and 772.307 (1978).[5] Defendant argues that plaintiff has failed to exhaust his administrative remedies by failing to request that the case be reopened,[6] that unsworn statements are admissible, and that even were the statements inadmissible, their admission into evidence constituted harmless error.
*858 In this case, the more difficult question whether the agency violated 5 C.F.R. §§772.305(a) and 772.307(c)(2) need not be resolved. Even if the regulations were construed most favorably for plaintiff, the admission of the unsworn statement, in this case, constituted harmless error. The burden of proof lies with plaintiff to show that the procedural error was other than harmless. Plaintiff must show that the mspb relied upon the evidence and that the evidence erroneously admitted had an effect on the ultimate decision. Charley v. United States, 208 Ct. Cl. 457 (1975); Haynes v. United States, 190 Ct. Cl. 9, 418 F.2d 1380 (1969). In Charley, the court held that plaintiff had not shown harmful procedural error when four additional charges were received into evidence at the administrative level. Although all the review levels admitted that the admission of the additional charges was improper, the court found that the challenged charges had not been relied upon, as the Secretary of the Air Force had expressly disclaimed reliance.
We do not think that an express disclaimer is the only method by which lack of reliance can be manifested. A review of the mspb decision in this case reveals that they did not rely upon the unsworn statement admitted into evidence. The mspb decision was based on the credibility of the witnesses as corroborated or hindered by prior statements. However, even had the mspb relied upon these statements, plaintiff has not shown that the ultimate decision might have been different. This could not be shown. The other evidence in the record was ample to support the mspb’s decision. Therefore, plaintiffs second alleged error must fail.
Plaintiffs final contention is that the penalty imposed by the agency and affirmed by the mspb was unduly harsh. The governing rule is that the imposition of sanctions for misconduct is within the agency’s discretion except where the sanction imposed exceeds the range of permissible punishment specified in the applicable statutes or regulations or where the penalty is so disproportionate to the offense that its imposition constitutes an abuse of discre *859 tion. Power v. United States, 209 Ct. Cl. 126, 130, 531 F.2d 505, 507 (1976).[7] The cases reversing on the ground that the agency abused its discretion have emphasized the minor nature of the offense, the level of the job, and the nature of past performance, the connection between the job and the improper conduct charges, the strength of the proof, and the deterrent effect of the penalty. See, e.g., Brewer v. United States Postal Service, 227 Ct. Cl. 276, 282, 647 F.2d 1093, 1098 (1981), cert. denied, 454 U.S. 1144 (1982); Boyce v. United States, 211 Ct. Cl. 57, 61-62, 543 F.2d 1290, 1292 (1976); Power v. United States, supra, 209 Ct. Cl. at 131-35, 531 F.2d at 508-10.
Although plaintiffs past record of performance was unblemished, we think that the other factors outweigh this consideration, and therefore we conclude that the agency did not abuse its discretion. First, plaintiff was a GS-12 employee in a position of great trust. Given his position, we cannot conclude that the nature of the charges against him were de minimis. We have previously recognized that an agency does not abuse its discretion by removing an employee who has deliberately falsified an official document to his advantage. Pascal v. United States, 211 Ct. Cl. 183, 543 F.2d 1284 (1976); Rifkin v. United States, 209 Ct. Cl. 566 (1976), cert. denied, 429 U.S. 1098 (1977). In addition, this was not the only charge levied against plaintiff, and we think that the charge of being misused by an informant is as serious in the case of a criminal investigator as the claim of falsifying work and expenditure documents. Nor, in this case, do we find the strength of the proof to be insufficient. After considering the totality of these factors, we cannot conclude that the agency has abused its discretion by removing plaintiff from his position.
it is therefore ordered that the decision of the Merit Systems Protection Board is affirmed; defendant’s motion for summary judgment is granted; plaintiffs cross-motion for summary judgment is denied; and the petition is dismissed. In view of our decision, defendant’s motion to strike is moot.

 Plaintiffs briefs contain considerable material not included in or based upon the administrative record. The court has not considered this material in its determination of the case.

 In reaching its decision both the batf and the mspb rejected reason three.

 This case is not governed by the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, because administrative proceedings were initiated prior to the effective date of the act. Gaskins v. United States Postal Service, 221 Ct. Cl. 918 (1979).

 Plaintiff attacks the evidence in the record by claiming that the mspb could not believe the testimony of witness Beth Muir regarding what actually happened, that the mspb did not properly consider the testimony and statements of other agents to hypothetical factual situations, and that the charges against plaintiff lacked substance.

 The pertinent part of 5 C.F.R. §772.305(a) provides that "[statements of witnesses shall be by affidavit, when practicable, and relative to the adverse decision.” 5 C.F.R. §772.307(c)(2) provides that "[bjoth parties are entitled to produce witnesses and to introduce signed sworn statements or letters of interrogatory.”

 Plaintiff need not petition the appeals review board to reopen the case before he is deemed to have exhausted his administrative remedies. 5 C.F.R. §772.309(b) (1978) provides that "[tjhe decision of the appeals officer is final and there is no further right of appeal.” (Emphasis supplied.)

 Plaintiff only has challenged the penalty as an abuse of discretion. No claim has been made that the penalty imposed was beyond the range of permissible punishment.