NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3317

DAVID MOSS,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED: December 6, 2006

_____

Before SCHALL, LINN, and DYK, Circuit Judges.

PER CURIAM.

David Moss ("Moss") appeals from a decision of the Merit Systems Protection Board ("Board"), Moss v. Dep't of the Navy, No. SF-0752-98-0693-C-3 (M.S.P.B. Jan. 19, 2006) ("Initial Decision") (without a hearing), which became the final decision of the Board after the Board denied Moss's petition for review, Moss v. Dep't of the Navy, No. SF-0752-98-0693-C-3 (M.S.P.B. May 12, 2006) ("Final Order"). The Initial Decision denied Moss's petition for enforcement of a 1998 Settlement Agreement (the "Agreement") between Moss and the Department of the Navy (the "Agency") because Moss failed to submit evidence that his 14-day suspension violated the Agreement.

Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and is supported by substantial evidence, we affirm.

BACKGROUND

In 1998, Moss appealed an Agency decision which removed him from the position of Sheet Metal Mechanic. The parties settled that appeal, the terms of which were memorialized in the Agreement. In relevant part, the Agreement required that the Agency reinstate Moss, place him on leave without pay for thirty days, provide him back pay, purge all adverse information related to the appealed action from his records, and pay his reasonable attorney fees. Initial Decision, slip op. at 1-2. It is undisputed that the Agency complied with all of these requirements. Id., slip op. at 2.

In February 2005, Moss had a physical altercation with his supervisor, which resulted in a 14-day suspension, beginning April 5, 2005 and ending April 20, 2005. On September 16, 2005, Moss filed a petition to enforce the Agreement, alleging that the 14-day suspension was the result of Agency retaliation and was an act of bad faith noncompliance with the reinstatement term of the Agreement. See id.

On January 19, 2006, the Administrative Judge ("AJ") found that Moss failed to submit evidence that the 14-day suspension was imposed in bad faith in violation of the Agreement. See Initial Decision, slip. op. at 3. Accordingly, the AJ dismissed the petition for enforcement without a hearing. Id. On May 12, 2006, the Board denied Moss's petition for review, resulting in the Initial Decision becoming the final decision of the Board. Final Order, slip op. at 2.

Moss timely appealed the Board's Final Order to this court pursuant to 5 U.S.C. § 7703(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

This court must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The burden of establishing reversible error in a Board decision rests upon the petitioner. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

B. Analysis

Moss agrees that the Agency met each of its obligations expressed in the Agreement. Nevertheless, he claims that the Agency breached an implied covenant of good faith when it harassed or retaliated against him by suspending him for 14 days. Although Moss has made some general allegations of harassment and reprisal, he failed to submit any evidence connecting these allegations, the 14-day suspension, and the terms of the settlement agreement. Moss also failed to produce evidence illustrating a pattern of such behavior dating back to the settlement agreement implementation. Thus, the AJ found that Moss's bare allegations fail to show that the Agency's 14-day suspension was other than bona fide agency action in compliance with the Agreement.

In a settlement agreement, like any other contract, there is an implied covenant that the parties fulfill their respective contractual obligations in good faith. See Link v.

Dep't of the Treasury, 51 F.3d 1577, 1582 (Fed. Cir. 1995). Thus, a party may breach a settlement agreement by acting in bad faith with respect to a settlement term. Id. To establish a breach of the implied covenant of good faith, Moss must establish that the actions of the agency constituted bad faith noncompliance with the terms. See id.; Kuykendall v. Dep't of Veterans Affairs, 68 M.S.P.R. 314, 324-25 (1995) ("To establish a breach of the settlement agreement based on [the] implied covenant of good faith with respect to the reinstatement term . . . it is the appellant's burden to show that the agency's proven retaliatory/harassing actions, under the totality of the circumstances, amounted to an unjustified and substantial deprivation of [the appellant's] rights as an incumbent of the position in question.").

Because the record shows that Moss made only mere allegations that the 14-day suspension violated the Agreement, but did not support his bare allegations with any evidence illustrating bad faith, we find no basis to conclude that the Initial Decision is arbitrary, capricious, or unsupported by substantial evidence. See Charley v. United States, 208 Ct. Cl. 457 (1975) (holding that "[t]he mere allegation of arbitrary and capricious action on defendant's part, absent a direct and pointed attack on the evidentiary basis of the agency's action, is insufficient to warrant a judicial determination of wrongful agency action"). Moreover, the Agreement does not insulate Moss from bona fide agency actions taken subsequent to his reinstatement. See Grant v. Dep't of Transp., 32 M.S.P.R. 321 (1987), aff'd, 833 F.2d 1023, 1023 (Fed. Cir. 1987) (table); Cook v. U.S. Postal Serv., 30 M.S.P.R. 671 (1986). Finally, to the extent that Moss asks that we consider new facts to support his allegations, we do not consider facts raised for the first time on appeal and not presented to or addressed by the Board. See

06-3317                                    4

Mueller v. U.S. Postal Serv., 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record.").

We have considered Moss's remaining arguments and find them to be without merit. For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.