## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID A MOSS,
      Appellant,

v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
SF-0752-98-0693-C-4

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Moss, San Diego, California, pro se.

Katerina L. Chau, San Diego, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement (PFE). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to incorporate our analysis of the appellant's pre-2005 claims, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In 1998, the parties settled the appellant's appeal of his removal. Compliance File (CF), Tab 6 at 15-16, 20-30. The appellant has previously filed three petitions for enforcement, one regarding the payment of attorney fees, one regarding the reimplementation of his health benefits, and a third concerning a 2005 14-day suspension. CF, Tab 6 at 87-89, Tab 8 at 45-49, 91-92. On October 13, 2018, the appellant filed the instant PFE with the Board, and again claimed that various actions taken by the agency were in violation of the 1998 settlement agreement. CF, Tab 1.

¶3 The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 15, Compliance Initial Decision. We have considered the arguments that the appellant raises on review and see no basis for disturbing the initial decision.[2]

---

[2] In his reply, the appellant presents new arguments. Compliance Petition for Review File, Tab 5. For example, he challenges a letter of caution received in 1998 following his reinstatement to work as well as his transfer from the night shift to the day shift in 2019. *Id.* at 6-8. He also attaches documents to his reply. *Id.* at 9-19. We decline to consider these new arguments and the attachments. Under 5 C.F.R. § 1201.114(a)(4), a reply is limited to the factual and legal issues raised in the response to the petition for review and may not raise new allegations of error. *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015).

¶4        Both on review and below, the appellant challenges matters previously raised in prior PFEs. In the instant PFE, he claims that, in breach of the settlement agreement, the agency suspended him for 14 days and placed restrictions on where he could go and to whom he could talk when he returned to work following his 1998 removal. CF, Tab 8 at 1, 9-13; Compliance Petition for Review File, Tab 1 at 8-11. The administrative judge did not address these claims and thus we modify the initial decision to incorporate the following analysis.

¶5        These claims regarding breach, which the appellant raised or could have raised in his PFE from 2005, are barred by the doctrine of res judicata. Under this doctrine, a valid, final judgment on the merits of an action bars a second action involving the same parties based on the same cause of action. *Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 11 (2010). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

¶6        Both the Board and the Federal Circuit previously adjudicated the appellant's 14-day suspension, finding that, on the merits, the appellant failed to meet his burden of proving that the suspension violated the settlement agreement. *Moss v. Department of the Navy*, 208 F. App'x 892, 893-95 (Fed. Cir. 2006); CF, Tab 6 at 87-89, 94-95, 99-102. By challenging the underlying nature of the suspension, claiming that the suspension demonstrates the agency's noncompliance with the settlement, and seeking back pay for the suspension, the appellant is attempting to relitigate the merits of his 2005 PFE, and we therefore find that this claim is barred on the grounds of res judicata. Although it is unclear whether the alleged restriction on where he could go and to whom he could talk was actually raised in his 2005 PFE, it is clear that he could have

raised the matter in his 2005 PFE of the settlement agreement. CF, Tab 8 at 56-65, Tab 12 at 6, 16-19; *see Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶¶ 25-27 (2008) (declining to consider claims that an appellant could have raised in a prior PFE), *aff'd per curiam*, 357 F. App'x 293 (Fed. Cir. 2009). As such, his claim that the alleged bar on him amounts to a breach of the settlement agreement is similarly barred by res judicata.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.